**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 23-mj-317 (RMM) |
| : | |
| **MATTHEW HONIGFORD,** : | |
| : | |
| **Defendant.** : | |

### JOINT MOTION TO CONTINUE AND EXCLUDE TIME
### UNDER THE SPEEDY TRIAL ACT

The United States of America and defendant Matthew Honigford hereby move this Court for a 60-day continuance of the February 1, 2024, preliminary hearing scheduled in the above-captioned matter, and further to exclude the time within which the Indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the government and defendant state as follows:

- On November 17, 2023, the defendant was charged by Complaint with violations of 18 U.S.C. §§ 111(a)(1) and (2) (Assault on a Federal Officer with Physical Contact or Intent to Commit Another Felony), 231(a)(3) (Civil Disorder), and 1752(a)(1) and (2) (Entering and Remaining in a Restricted Building or Grounds and Disorderly, and Disruptive Conduct in a Restricted Building or Grounds) and 40 U.S.C. §§ 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building or Grounds) in connection with conduct occurring during the breach on the United States Capitol on January 6, 2021 (the "Capitol Attack").

- In order to facilitate discussions regarding a resolution of this matter in lieu of an indictment of felony charges, the government agreed to provide counsel with defendant-specific preliminary discovery. In addition, the government has provided defense counsel with access to databases containing materials relevant to Capitol Attack cases generally, that is, "global" discovery" (the Relativity and Evidence.com databases). As of November 17, 2023, more than 7.95 million files (over 10.1 terabytes of information) have been provided to the defense Relativity workspace and over 30,000 files including body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies have been shared to the Evidence.com video repositories.

- On December 13, 2024, the Court (via the Honorable Zia M. Faruqui) granted an unopposed motion for the entry of a protective order governing the production of discovery in this matter. The government, in turn, recently began making productions to defense counsel.

- The parties believe it is in the interests of justice to adjourn the preliminary hearing to give the defendant time to review discovery so that the parties can attempt a resolution of this matter pre-indictment.

**ARGUMENT**

Pursuant to the Speedy Trial Act, an indictment charging an individual with the commission of an offense generally must be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C.

§ 3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an indictment must be filed. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>       . . .
>
> (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably

> deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).   Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests of justice finding is within the discretion of the Court.   *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).   The Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice.   Given the gigabytes of information contained not only in case-specific discovery, but also the terabytes of information in the global discovery available to all defendants, it will take time to search and review discovery materials.

The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act.   *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (Upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case,

in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019) (Upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to prepare to try [the defendant] on the new counts"); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (District court did not abuse its broad discretion in case involving conspiracy to commit wire and mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (Upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones") (internal quotation marks omitted); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010) (Upholding ninety-day ends-of-justice continuance in case involving international conspiracy to smuggle protected wildlife into the United States, where defendant's case was joined with several co-defendants, and there were on-going investigations, voluminous discovery, a large number of counts, and potential witnesses from other countries); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (Upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

In sum, due to the volume and nature of potentially discoverable materials and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE, the government and defendants respectfully request that this Court grant a 60-day continuance of the February 1, 2024, preliminary hearing, scheduled in the above-captioned matter, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), for the reasons detailed above.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: */s/ Monika (Isia) Jasiewicz*
Monika (Isia) Jasiewicz
Assistant United States Attorney
D.C. Bar No. 102491
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 714-6446
Email: isia.jasiewicz@usdoj.gov

*/s/ Donna M. Grill*  
Donna M. Grill  
Assistant Federal Public Defender  
Office of the Federal Defender, N.D. Ohio  
617 Adams Street, 2nd Floor  
Toledo, Ohio 43604  
Phone: (419) 259-7370  
Email: Donna_Grill@fd.org
